UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BETTY JUNE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>BLACK HAWK RECOVERY,<br>CREDIT ACCEPTANCE CORPORATION,<br>UNITED STATES BANKRUPTCY COURT,<br><br>    Defendants. | Case No.  2:15-10143<br>Honorable Laurie J. Michelson<br>Magistrate Judge  Mona K. Majzoub |

**OPINION AND ORDER SUA SPONTE DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

Although something of a challenge, the Court can discern how pro se Plaintiff Betty June Taylor, who also identifies herself as Betty June Taylor EL Trustee/Public Minister of the June Taylor EL Tribe, believes she was wronged. Apparently, in January 2014, a bankruptcy court ordered that Taylor could redeem her car if she paid Defendant Credit Acceptance Corporation $3,000.  (Compl. at Pg ID 31.) Taylor says she paid, but Credit Acceptance refused to turn over the repossessed car. (*See* Compl. at Pg ID 3.)[1]

The Court cannot discern, however, how these alleged facts violate federal laws. Her pro se complaint begins by asserting a "gross violation" of the United Nations Vienna Convention of Diplomatic Relations: that under Article 22 of the Convention, the Taylor EL Tribe "is immune from search, requisition, attachment or execution." (Compl. at 2 (capitalization altered).) (Apparently, Taylor assigned title to her car to the Tribe. (Compl. at Pg ID 8, State of

---

[1] Since this suit was filed, it appears that Credit Acceptance sold the vehicle at a public auction because, according to Credit Acceptance, Taylor "broke promises in [their] agreement." (*See* Dkt 4, Pl.'s Mot. for Prelim. Inj. at Pg ID 65.)

Michigan Certificate of Title.)) The Complaint also asserts that "pursuant to 18 U.S.C. 8; 31 U.S.C. 392, 3123, 5103 and 5118[;] 12 U.S.C. 1813[;] Public Law 73-10 48 Stat 112, there is no lawful money so all these statutes were violated." (Compl. at 1 (capitalization altered).) The Complaint further avers, "even though they [Credit Acceptance] closed my account and stated I had a zero balance, on September 30, 2014 they repos[sess]ed the vehicle. They contracted to pay $500,000.00 if they repos[sess]ed it. They violated 28 U.S.C. 1251 and 28 U.S.C. 1351." (Compl. at 3 (capitalization altered).)

None of these allegations state a non-frivolous federal cause of action. Article 22 of the Vienna Convention, as reproduced by Taylor, states, "The premises of the mission, their furnishings and other property thereon and the means of transport of the mission shall be immune from search, requisition, attachment or execution." (Compl. at Pg ID 29.) Taylor's complaint gives the Court no clue as to how this case involves a "mission" as that term is used in Article 22. As for her statement that "there is no lawful money," that assertion is also frivolous and fails to identify a viable federal cause of action. *Cf. Carrington v. Fed. Nat. Mortgage Assoc.*, No. 05-CV-73429-DT, 2005 WL 3216226, at *2 (E.D. Mich. Nov. 29, 2005) ("Plaintiff is protesting the payment of his debt based on allegations that the nation's banking system created money by its ledger entries and that the money needed to be paid in gold and silver coins. This contention is patently meritless and has been universally rejected by numerous federal courts."). Finally, the assertion that Defendants violated 28 U.S.C. § 1251 and 28 U.S.C. § 1351 is frivolous and fails to confer jurisdiction in this court. The former sets forth the original jurisdiction of the United States Supreme Court while the latter grants original jurisdiction to the lower federal courts in cases against "consuls or vice consuls of foreign states[] or members of a mission." *See* 28 U.S.C. §§ 1251, 1351. But it was Taylor who filed this lawsuit, not Defendants.

2

The Court is convinced that it lacks subject-matter jurisdiction in this case because the federal "claims" in Taylor's complaint are frivolous. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

This case is thus DISMISSED for lack of subject-matter jurisdiction.[2] Taylor's preliminary-injunction motion (Dkt. 4) is denied as moot.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 20, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

---

[2] The Court notes that Taylor has not paid the filing fee in this case, instead seeking to proceed without prepayment of that fee. (Dkt. 2.) But if the Court were to grant her request, this case would end in a similar way: the Court would apply 28 U.S.C. § 1915(e) and dismiss the Complaint as "frivolous or malicious." Her request is DENIED as moot.

3